## CLEMENT *vs.* BUNN.

1. The rule against the sheriff, founded on a mortgage *fi. fa.* against land, was properly made absolute for the whole amount of principal, interest and cost, and not for the value of the land, the answer of the sheriff, untraversed, not alleging that the land was worth less than said principal, interest and cost.

2. Where the superior court certified that by inadvertence, execution was issued against the sheriff from the rule absolute, and also an attachment against him, this court will not interfere, though section 3956 of the Code authorizes but one of these remedies at a time, because the court below will, if it has not already done so, correct the error for itself, and see to it that the sheriff is not harmed by the inadvertent order.

Sheriff. Rule. Practice in the Superior Court. Before Judge UNDERWOOD. Polk Superior Court. August Term, 1877.

Reported in the opinion.

BLANCE & KING, for plaintiff in error.

IVY F. THOMPSON, for defendant.

JACKSON, Judge.

The sheriff was ruled for a large sum of money on his failure to make it on a mortgage execution upon real estate.

The superior court made the rule absolute, and the sheriff excepted on two grounds : first, because the rule was made absolute for the amount due on the *fi. fa.*, and not for the value of the land ; secondly, because on the rule absolute, the court ordered execution to issue against him with 20 per cent. interest, and at the same time directed that he be attached for contempt.

1. The answer of the sheriff, not traversed but taken as true, did not set out the value of the land, nor did it allege that it was not worth the amount of the execution ; therefore there is nothing in the first exception.

2. Under the 3956th section of the Code, the plaintiff is not permitted to have execution issue for his money against the sheriff, and at the same time attach him ; but in this case the court certifies that the order to attach was granted through inadvertence, and this court is satisfied that the court below will not permit the inadvertent order to damage the sheriff.

Indeed, it appears from the record that steps were taken at chambers by the judge to correct the inadvertent order, and whilst the legality of such modified order *at chambers* may be questioned, yet it shows that no harm was done the sheriff by the part of the order of court which directed him to be attached, yet its effect was to relieve him from the attachment, and no harm has been done him by it.

Judgment affirmed.